UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KIMBERLY RUSSO,

    Plaintiff,

v.

PUCKETT & REDFORD, PLLC, et al,

    Defendants.

Case No. C09-0433 MJP

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

    This matter comes before the Court on Plaintiff's motion for partial summary judgment and/or judgment on the pleadings. (Dkt. No. 21.) The Court has considered the motion, the response (Dkt. No. 27), the reply (Dkt. No. 30), and all documents submitted in support thereof. For the reasons set forth below, the Court GRANTS Plaintiff's motion for partial summary judgment, but DENIES the Rule 12(c) motion for judgment on the pleadings.

**Background**

    Defendants represented non-party landlords in a separate state court unlawful detainer action against Plaintiff. (Compl. ¶¶ 3.4-3.16, 5.5.) In the state court case, Defendants moved for default judgment on behalf of their client, and the judgment included taxation of the service of process fee. (Id. ¶¶ 5.1-5.19.) In this action, Plaintiff alleges the process server's fee should not have been included as a cost in the default judgment because the process server was not registered. (Id. ¶ 5.18.) Based on this fact, Plaintiff alleges violation of the Federal

ORDER ON MTN FOR PARTIAL SUMMARY JUDGMENT - 1

Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, and Washington Consumer Protection Act ("CPA"), RCW 19.86.010, et seq., and seeks class action certification and unspecified damages. (Compl. ¶¶ 8.1-9.9.)

Defendants moved to dismiss and, on September 24, 2009, the Court denied in part and granted in part the motion. The Court dismissed Plaintiff's CPA claims, but held that Plaintiff had stated a claim under the FDCPA. The "debt" at issue was Plaintiff's unpaid rent sought in the unlawful detainer action and the alleged unfair practice was the charge for an unregistered process server. (Dkt. No 31 at 3.) The Court also ruled that the debt at issue was not "incidental" to a bona fide fiduciary obligation under § 1692a(6)(f).

Plaintiff's present motion requests partial summary judgment on the question of whether Defendants violated the terms of the FDCPA.

**Discussion**

I. Summary Judgment Standard

Summary judgment is not warranted if a material issue of fact exists for trial. Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir. 1995), cert. denied, 516 U.S. 1171 (1996). The underlying facts are viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). "Summary judgment will not lie if . . . the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The party moving for summary judgment has the burden to show initially the absence of a genuine issue concerning any material fact. Adickes v. S.H. Kress & Co., 398 U.S. 144, 159 (1970). However, once the moving party has met its initial burden, the burden shifts to the nonmoving party to establish the existence of an issue of fact regarding an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex Corp. v.

ORDER ON MTN FOR PARTIAL SUMMARY JUDGMENT - 2

Catrett, 477 U.S. 317, 323-24 (1986). To discharge this burden, the nonmoving party cannot rely on its pleadings, but instead must have evidence showing that there is a genuine issue for trial. Id. at 324.

II. Fed. R. Civ. P. 12(c) Standard

A Rule 12(c) motion, which is the modern incantation of a demurrer to the pleadings, is generally raised by a Defendant. See Fed. R. Civ. P. 12 (entitled "Defenses and Objections"). Judgment on the pleadings may be appropriate where, "accepting allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law." McGann v. Ernst & Young, 102 F.3d 390, 392 (9th Cir. 1996).

III. FDCPA liability

Pursuant to 15 U.S.C. § 1692e, a debt collector may not make a "false representation" of either "(A) the character, amount, or legal status of any debt," or "(B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of the debt." Likewise, § 1692f(1) provides that, in connection with an attempt to collect a debt, a debt collector may not collect "any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1). The FDCPA is a strict liability statute. Clark v. Capital Credit & Collection Servs., Inc., 460 F.3d 1162, 1176 (adopting strict liability interpretations of the Fifth, Second, and Seventh Circuits). Thus, to maintain a claim under the FDCPA, a plaintiff consumer must demonstrate a defendant "debt collector" attempted to collect a "debt" by some means prohibited by the statute.

The statute further provides a "narrow exception to strict liability" for bona fide errors. Reichert v. National Credit Systems, 531 F.3d 1002, 1005 (9th Cir. 2008) (quoting Clark, 406

F.3d at 1177). That section provides that a debt collector is not liable where she "shows by a preponderance of the evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error." 15 U.S.C. § 1692k(c). The debt collector bears the burden of proving this affirmative defense. Reichert, 531 F.3d at 1006.

Defendants do not dispute that Washington law only allows for costs to be awarded when a process server is registered. See RCW 4.84.010. Defendants have disputed whether the complaint alleges a "debt" within the purview of the FDCPA, but the Court settled that issue in Plaintiff's favor when ruling on the motion to dismiss. (Dkt. No. 31 at 3.) Similarly, Defendants claim they cannot be "debt collectors" because their obligation to seek the debt at issue was "incidental" to their fiduciary obligation to their clients. (Dkt. No. 27 at 6 (citing § 1692a(6)(f)).) Again, the Court decided this issue in Plaintiff's favor when denying Defendants' motion to dismiss: "[Defendants'] actions in charging the process server's fee were not 'incidental' to their fiduciary obligation." (Dkt. No. 31 at 5.) Thus, there is no material issue of fact on the question of whether Defendants have committed a violation.

Defendants do however disclaim liability based on the bona fide error defense. (Dkt. No. 27 at 11.) Simply raising the bona fide error defense does not, however, preclude partial summary judgment on the question of whether a violation has occurred. Because Plaintiff only requested partial summary judgment and because there are no material disputes of fact as to whether § 1692e and § 1692f have been violated, the Court grants partial summary judgment in Plaintiff's favor. The bona fide error defense may ultimately preclude liability, but Defendants have not moved on the issue.

The Court denies Plaintiff's motion for relief insofar as it is a Rule 12(c) motion. (Dkt. No. 21 at 1.) The Court cannot practicably accept as true all Defendants' allegations

ORDER ON MTN FOR PARTIAL SUMMARY JUDGMENT - 4

when it has already ruled against Defendants on the "debt" issue and the "incidental to" issue. (See Dkt. No. 31.) Moreover, it is not all clear that Rule 12(c) would accommodate the partial finding contemplated by Plaintiff's motion.

**Conclusion**

Plaintiff has demonstrated she is entitled to partial summary judgment on the issue of whether there was a violation of the FDCPA, but is not entitled to judgment on the pleadings.[1] Plaintiff's motion (Dkt. No. 21) is therefore GRANTED IN PART AND DENIED IN PART. The Clerk is directed to transmit copies of this Order to all counsel of record.

DATED this 17th day of November, 2009.

Marsha J. Pechman
United States District Judge

---

[1] The Court observes there are numerous errors (typographical, references to the record, verb tense, etc.) in Plaintiff's briefing. The Court requests that counsel carefully proofread future submissions. Wading through errors makes the Court's work more difficult.

ORDER ON MTN FOR PARTIAL SUMMARY JUDGMENT - 5